**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

JACQUELINE SHEPHERD, on behalf of herself and all others similarly situated,

                Plaintiff,

     v.

GOOGLE LLC; BUNGIE, INC.; and ID SOFTWARE LLC,

                Defendants.

Case No. 21-cv-799

**NOTICE OF REMOVAL**

---

**PLEASE TAKE NOTICE** that Defendant id Software LLC ("id Software") hereby gives notice of the removal of this action from the Supreme Court of the State of New York, County of Queens, where the action captioned *Jacqueline Shepherd, on behalf of herself and all others similarly situated, v. Google LLC, Bungie, Inc., and id Software LLC*, bearing Index No. 719703/2020, is now pending, to the United States District Court for the Eastern District of New York. This civil action is removed on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1453. For the reasons set forth below, this Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332 and 1453.

I.      **INTRODUCTION**

1.     Plaintiff Jacqueline Shepherd ("Shepherd") commenced this action by filing a complaint (the "Complaint") in the Supreme Court of the State of New York, County of Queens on or about October 22, 2020.

2. An Affidavit of Service filed with the Supreme Court of the State of New York, County of Queens indicates that service of the Summons and Complaint to id Software occurred on January 14, 2021. A copy of that Affidavit of Service is attached as **Exhibit A**.[1]

3. True and correct copies of the Summons, Complaint, and all Affidavits of Service, as available to id Software, are attached as **Exhibit B**.

4. Promptly upon filing this Notice of Removal, id Software will give written notice thereof to Shepherd through her counsel of record and file a copy of the notice with the Supreme Court of the State of New York, County of Queens, as required by 28 U.S.C. § 1446(d).

5. No admission of jurisdiction, liability, fact, or law is made by this notice of removal. id Software reserves all of its defenses, arguments, and objections. id Software does not waive, and expressly reserves, all rights to challenge all allegations made by Shepherd, including without limitation, jurisdiction, class allegations, class certification, and liability.

6. The case centers on Defendant Google LLC's ("Google") online Google Stadia gaming service. Google Stadia provides access to streamed video game content. Using Google Stadia, users can purchase access to video games, including games made by id Software and other game developers. id Software's DOOM®, DOOM® 64, DOOM® ETERNAL, RAGE® 2 and WOLFENSTEIN® YOUNG BLOOD are available for purchase through Google Stadia.

7. The class members, Shepherd claims, "relied upon [Defendant's] representations and nondisclosures [] when purchasing the Stadia Founder's Edition, Stadia Premier Edition, or

---

[1] Although the Affidavit of Service filed with the Supreme Court of the State of New York, County of Queens claims that id Software was served with the Complaint via its registered agent, CT Corporation System, in Dallas, Texas on January 14, 2021, CT Corporation System has no record of this alleged service. Accordingly, id Software maintains that it was not served with and has not received an official copy of the Complaint. Nonetheless, out of an abundance of caution, id Software is using the date of Affidavit of Service for the purpose of this Notice of Removal.

Stadia subscription service" because, at least in part, id Software allegedly "made material misstatements concerning the resolution of Doom Eternal on the Stadia Platform" and "did nothing to correct Google's misstatement, and instead, [] sold access to Doom Eternal, and other games, through the Google Stadia subscription." Complaint ¶¶ 86, 88, 133.

## II.   THE NOTICE OF REMOVAL IS TIMELY

8. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1) because it is being filed within 30 days of the service of the Summons and Complaint on id Software, which allegedly occurred on January 14, 2021.

## III.   THIS COURT HAS JURISDICTION UNDER CAFA

9. This action is styled as a putative class action. *See* Complaint ¶¶ 2, 30-33.

10. This Court has original jurisdiction over this action under CAFA. 28 U.S.C. § 1332(d). CAFA grants federal district courts original jurisdiction over class action cases filed under federal or state law where any member of the alleged class of plaintiffs is a citizen of a state different from any defendant and the amount in controversy for the putative class exceeds $5,000,000, exclusive of interests and costs. *Id*. As discussed below, this action meets all the requirements for removal under CAFA.

### A.   The Amount in Controversy Exceeds $ 5,000,000

11. CAFA allows for removal of class actions where the aggregate amount in controversy for all potential class members exceeds $ 5 million.

12. Under CAFA, the amount in controversy requirement is met where defendant demonstrates a "reasonable probability that the aggregate claims of the plaintiff class are in excess of $5 million." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006) (internal quotations omitted). The "amount-in-controversy is the aggregate of individual claims of class members."

3

28 U.S.C. § 1332(d)(2)(6).  "[T]he face of the complaint is a good faith representation of the actual amount in controversy." *Starke v. Ups*, No. 10-CV-1225 (NGG) (ALC), 2011 U.S. Dist. LEXIS 172739, at *4 (E.D.N.Y. Jan. 10, 2011) (quoting *Scherer v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 397 (2d Cir. 2003)).

13. Shepherd failed to allege with specificity a total amount in controversy in the Complaint but does allege that "id Software sold access to Doom Eternal, and other games, through the Google Stadia subscription and wrongfully generated millions of dollars in revenue as a result." Complaint ¶ 89.  In addition, the Complaint seeks, "compensatory damages," "restitution and disgorgement of Defendant's revenues," "disgorgement of all monies acquired by Defendants," "punitive damages," "attorneys' fees, expenses, and recoverable costs," "disgorging of all profits, benefits, and other compensation," an injunction prohibiting the future sale of "games purchased through Stadia" and "interest on monies wrongfully obtained." Complaint ¶ 138, Prayer for Relief, 3-9.  Accordingly, the Complaint demands extensive monetary and other relief in addition to recovery of the "millions of dollars in revenue" Shepherd alleges id Software "wrongfully generated."  Complaint ¶ 89.

14. id Software denies any liability, wrongdoing, or that any monetary or other recovery is proper.  That said, the amount in controversy, on an aggregate, class-wide basis, meets the jurisdictional minimum of $ 5 million.

15. Moreover, courts have recognized that claims by plaintiffs against multiple defendants can be aggregated when considering the amount in controversy. *Shulman v. Becker & Poliakoff, LLP*, No. 17-CV-9330 (VM) (JLC), 2019 U.S. Dist. LEXIS 62713, at *23-32 (S.D.N.Y. Apr. 11, 2019) (aggregating claims against separate defendants based on the intent of CAFA and because the claims brought against the separate defendants are related and arise from the same set

4

of operative acts). In considering the amount in controversy, the Court should consider the combined relief Shepherd seeks from all defendants including Shepherd's own admission that Defendants generated "millions of dollars in revenue."

16. In addition to id Software titles available on Google Stadia, Google offers over a hundred other games through the Google Stadia store with additional titles added regularly. Shepherd's allegation that Defendants generated "millions of dollars in revenue," the sales of id Software services through Google Stadia, and the additional sales of games and services through Google Stadia all show that the aggregate amount of Shepherd's expansive claims exceed the statutory threshold for removal.

17. CAFA additionally permits the recovery of attorneys' fees in the amount in controversy "where they are anticipated or awarded in the governing statute." *DiPonzio v. Bank of Am. Corp.*, 2011 U.S. Dist. LEXIS 74158, at *7 (W.D.N.Y. July 11, 2011) (citing *Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 298 (E.D.N.Y. 2005)). In *Pollock v. Trustmark*, the Court included attorneys' fees in an amount in controversy calculation because the New York Deceptive Acts and Practices Act, which Shepherd alleges Defendants have violated, *see* Complaint ¶ 117(gg), includes a provision for awarding attorneys' fees. *Pollock*, 367 F. Supp. 2d at 298; NY CLS Gen Bus § 349(h). Accordingly, the attorneys' fees Shepherd seeks are properly included as part of the amount in controversy.

**B.   Minimal Diversity Exists**

18. Minimal diversity exists under CAFA where any plaintiff, or a prospective class-member, is diverse from any defendant. 28 U.S.C. § 1332(d)(2)(A).

19. The Complaint alleges that Shepherd is a "citizen of the State of New York." Complaint ¶ 14.

20. id Software is a Delaware limited liability company with its primary places of business at 1500 N. Greenville Ave, #700, Richardson, Texas 75081 and 1370 Piccard Drive, Rockville, Maryland 20850. The sole member of id Software is ZeniMax Media Inc., a Delaware corporation with a primary place of business at 1370 Piccard Drive, Rockville, Maryland 20850.

21. The Complaint seeks to represent a "a nationwide class" of all "persons or entities that reside in the United States and who purchased [Google's] Stadia Founder's Edition, the Stadia Premier Edition, and/or subscriptions to the Stadia Pro service" product. Complaint ¶ 99. The Complaint also alleges a violation of consumer protection laws in each of the 50 states. Complaint ¶ 117.

22. The Complaint represents that Shepherd is a citizen of New York. Complaint ¶ 14. Because at least one plaintiff is a citizen of a state different from id Software, the minimal diversity requirement under CAFA is met.

### C. The Putative Class Includes at Least 100 Members

23. CAFA requires at least 100 members in the putative class. 28 U.S.C. § 1332(d)(5).

24. Here, the Complaint alleges that "members of the Class are so numerous that joinder of all members of the Class is impracticable." Complaint ¶ 104. The Complaint also alleges that "the Class includes tens of thousands of members." *Id.*

25. More than 100 individuals have purchased id Software products through Google Stadia during the alleged class period (June 6, 2019 to the final disposition of this action). Moreover, because the class period is ongoing, the number of individuals who purchase id Software products through Google Stadia will continue to increase.

26. The CAFA requirements for a prospective class of over 100 members are thus met.

27. Because all of the CAFA requirements are met, removal to this Court is proper.

6

## IV. CONCLUSION

WHEREFORE, having provided notice as required by law, this action should be removed from the Supreme Court of New York, County of Queens to this Court.

Dated:  February 12, 2021

/s/ William P. Deni, Jr.
William P. Deni, Jr.
J. Brugh Lower
**GIBBONS P.C.**
One Pennsylvania Plaza, 37th Floor
New York, New York 10119
Tel: (212) 613-2000
Fax: (212) 290-2018
wdeni@gibbonslaw.com
jlower@gibbonslaw.com

Margaret Esquenet (*pro hac vice* forthcoming)
Anna B. Naydonov (*pro hac vice* forthcoming)
**FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP**
901 New York Avenue, NW
Washington, DC 20001
Tel: (202) 408-4000
Fax: (202) 408-4400
margaret.esquenet@finnegan.com
anna.naydonov@finnegan.com

*Attorneys for Defendant*
*id Software, LLC*