**KAMERMAN, UNCYK, SONIKER & KLEIN P.C.**
COUNSELORS AT LAW
1700 BROADWAY, 16TH FLOOR
NEW YORK, NY 10019
WWW.KUSKLAW.COM

TELEPHONE: 212/400-4930

**VIA ECF**                                                                 February 19, 2021

Hon. Eric N. Vitaliano, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    Shepherd v. Google LLC, et al., Case No. 21-cv-799 (ENV) (VMS)

Dear Judge Vitaliano,

      I am a Partner at Kamerman, Uncyk, Soniker, & Klein, P.C., counsel to Defendant Bungie, Inc. ("Bungie") in the above-referenced action. I write, pursuant to your Honor's Individual Rules, to request a pre-motion conference in connection with Bungie's anticipated motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The nature of the case and specifics of the anticipated motion are detailed below, but to briefly summarize: (1) Plaintiff's complaint fails to allege any conduct by Bungie at all (let alone wrongful conduct), instead alleging that Bungie silently failed to correct a third party (a Google executive)'s alleged misstatement about how Bungie's *Destiny 2* game would perform on Google's "Stadia" game system; and (2) Plaintiff's complaint also ***affirmatively*** (and accurately) alleges that Bungie expressly told the gaming media exactly how *Destiny 2* would perform on Stadia, directly contradicting the allegation that Bungie was silent. Because the complaint fails to allege any duty on Bungie's part to correct alleged third-party "misstatements," and because it also alleges that Bungie nevertheless provided accurate information to the marketplace, the claims against Bungie must be dismissed.

**The Parties**

      Bungie is a groundbreaking video game studio devoted to developing immersive games that combine state-of-the-art technology with beautiful art, captivating story-telling, and deep gameplay. It is the creative force behind well-known games (and game series) such as *Myth*, *Halo*, and now *Destiny*.

      Defendant Google LLC ("Google") is a global technology company and, as relevant here, the developer and operator of the Stadia game system. Unlike other gaming platforms, Stadia's cloud-based system allows gamers to access their games by streaming them to any cloud connected device. Bungie's *Destiny 2* game is available on Stadia.

      Defendant id Software LLC ("id" – pronounced like the psychology term) is another video game studio whose games are available on Stadia.

Hon. Eric N. Vitaliano, U.S.D.J.
Page 2
February 19, 2021

Plaintiff Jacqueline Shepherd is an individual New York resident who alleges that she purchased a Stadia membership based on certain alleged representations by Google as to its performance, and who seeks to represent a class of similarly situated persons.

**The Relevant Allegations of the Complaint**

Plaintiff's complaint alleges that Google "developed and operate[s]" Stadia, and that in Google's March 19, 2019 announcement of Stadia, Google's CEO claimed that Stadia would be "more powerful than both Xbox One X and Playstation 4 Pro combined." Complaint, ¶¶ 2-3. Plaintiff alleges that on October 8, 2019, a Google executive overseeing Stadia, "announced that all of the video games on the Google Stadia platform would support 4K resolution[1] at launch," and that she "purchased Google Stadia's Premiere Edition" based on those representations about Stadia's capabilities and performance. *Id.*, ¶¶ 5, 8. Plaintiff claims that "shortly" after her purchase reports "began to surface" that Google was "exaggerating [Stadia's] streaming quality and display resolution," and therefore retained counsel to seek redress from Google on behalf of herself and all others. *Id.*, ¶¶ 9-10. (Interestingly, the Complaint later contradicts that claim, alleging both that Plaintiff made her purchase on November 23, 2019, *id.*, ¶ 95, and that media reports about Stadia's "true" performance began circulating on the internet earlier in November. *See* Complaint, ¶¶ 64, 69, 71).

As relevant to Bungie and its *Destiny 2* game, Plaintiff's claims are far more limited. Plaintiff alleges only that: (1) Google offered *Destiny 2: The Collection* as a game that Google customers who purchased a "Stadia Pro" account could access *for free*, Complaint, ¶ 36; (2) that Google executive gave an interview on the day of Stadia's launch in which he said that *Destiny 2* would be included at launch at 4K resolution and 60 frames-per-second,[2] *id.*, ¶¶ 61-62; and (3) that Bungie "knew or should have known" that Google was "making misleading statements about the Stadia subscription plan" because "*Destiny 2* would not be playable at the 4K 60 FPS gameplay that the Stadia Pro service offered" yet "did nothing to correct Google's misstatement and, instead, sold access to *Destiny 2*, and other games" through Stadia. *Id.*, ¶¶ 90-91.

Despite that latter allegation, the Complaint *also* alleges that Bungie gave an interview to the gaming media in which Bungie "confirmed that Stadia's version of the game isn't the same 4K version as on other platforms. Rather, *Destiny 2* on Stadia renders at 1080p and is upscaled to improve the quality."[3] Complaint, ¶ 66. The "9to5Google" article Plaintiff quotes in her Complaint interprets that disclosure as follows: "In other words, *Destiny 2* currently never plays in 4K on Stadia." *Id.*

On the basis of the above Plaintiff alleges: (1) unspecified violations of every State's (and the District of Columbia's) consumer protection law, Complaint, ¶¶ 113-119; (2) breach of contract, *id.*, ¶¶ 121-123; (3) negligent misrepresentation, *id.*, ¶¶ 126-133; and (4) unjust enrichment. *Id.*, ¶¶ 136-138. At no point does the Complaint allege any facts suggesting that Bungie had a duty to correct alleged misstatements by Google executives, and at no point does the

---

[1] 4K displays have at least 8 million active pixels, or roughly 4 times the resolution of a 1080p display.

[2] "Frames per second" is a measure of the frequency at which a series of frames or images can appear on the display.

[3] "4K Upscaling" is a function that takes lower resolution content and "fills in the blanks" to display the content at the higher 4K resolution – here, from 1080p to 4K.

Hon. Eric N. Vitaliano, U.S.D.J.
Page 3
February 19, 2021

Complaint allege any contract between Bungie (or any other defendant for that matter) and Plaintiff.

**The Proposed Motion**

Bungie thus proposes to dismiss the claims against it for failure to state a claim. The allegations fail on every conceivable ground. First, Plaintiff is making claims based on Bungie's supposed silence, but it is well settled that a claim based on an alleged omission to correct a misstatement "must demonstrate a relationship between the plaintiff and defendant that gives rise to a duty to disclose." *Olson v. Major League Baseball*, 447 F. Supp. 3d 159, 168 (S.D.N.Y.) (dismissing claim for failure to allege any such relationship), *reconsideration denied*, 447 F. Supp. 3d 174 (S.D.N.Y. 2020). *See also Harding v. Naseman*, 377 F. App'x 48, 49 (2d Cir. 2010) (claim for fraudulent concealment requires duty to disclose).

Second, Plaintiff's "Bungie was silent" theory of liability is directly contradicted by Paragraph 66 of the Complaint, which quotes a press report describing Bungie's affirmative disclosure of how *Destiny 2* would actually play on Stadia. Indeed, on this motion the Court can take judicial notice of Bungie's underlying interview with The Verge, *see Garber v. Legg Mason, Inc.*, 347 F. App'x 665, 669 (2d Cir. 2009) (court could take judicial notice of contents of published articles as evidence that certain facts were disclosed), in which Bungie *specifically explained* that "[w]hen streaming at 4K, we render at a native 1080p and then upsample and apply a variety of techniques to increase the overall quality of effect."

Thus, both because Plaintiff failed to allege any relevant conduct by Bungie or any duty to correct Google's alleged "misstatements," and because the record demonstrates that Bungie affirmatively and accurately disclosed how *Destiny 2* would play on Stadia, Plaintiff's first, third, and fourth causes of action must be dismissed as against Bungie.

And third, Plaintiff's breach of contract claim against Bungie fails because she did not allege that there was any contract between her and Bungie that Bungie could have breached. Indeed, she does not even allege that she purchased anything from Bungie, let alone that Bungie agreed to provide *Plaintiff* with *Destiny 2* on Stadia in native 4K resolution (at the same time that Bungie was telling the world that *Destiny 2* would *not* render on Stadia in native 4K resolution). Nor does she allege that she attempted to view or play a Bungie game or that she ever even used the Stadia service at all.

Put simply – there is no good faith basis for any claim against Bungie, and the claims against it should be dismissed.

                                            Respectfully Submitted,

                                            */s/ Akiva M. Cohen*

                                            Akiva Cohen